## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Jane Farrar, | ) | **CASE NO.  1:10 CV 2694** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Accenture LLP, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon plaintiff's Motion to Remand to State Court (Doc. 6).  For the following reasons, the motion is GRANTED.

### Facts

Plaintiff, Jane Farrar, filed her Complaint against defendants, Accenture, LLP; Doe Corporations 1 through 4; and Nereida Mezini, in the Cuyahoga County Court of Common Pleas on April 2, 2010.  According to the Complaint, plaintiff is a resident of Ohio; defendant Accenture is incorporated in Ireland, with principal places of business in New York and Chicago, and an office in Cleveland; and defendant Mezini has an Ohio address. Accenture filed its Answer in the state court.  On November 29, 2010, defendant Mezini filed a Notice of Removal to this Court on the basis of diversity of citizenship.  The Notice states that Mezini is an individual domiciled in Tirana, Albania, and Mezini was first served with the Complaint

1

on November 18, 2010 in Alabania.[1]  Accenture consented to the removal.

The Complaint alleges the following.  Plaintiff was hired by Accenture as an auditor in 2005.  Plaintiff had a qualified disability, i.e., anxiety disorder.  Mezini became plaintiff's supervisor in the Spring of 2007, and plaintiff began experiencing unexplainable difficulties with her almost immediately.  Mezini singled plaintiff out for criticism, and permitted substantially younger auditors to work from home but criticized plaintiff for doing so. Plaintiff requested a new supervisor, but the request was rejected. At one point, plaintiff overheard Mezini and two other managers discussing the need to get rid of older employees, including plaintiff.  One manager suggested terminating plaintiff's pregnant daughter instead and retaining plaintiff "so that no one could say they got rid of all the old people."  In early 2009, plaintiff's daughter and four older employees were terminated as part of a reduction in force.  Plaintiff discussed the layoffs and other issues with a representative of the human resources department.  As a result, plaintiff began to experience retribution in the form of more difficult audits and increased criticism.  During a May 2009 meeting with Mezini, plaintiff experienced a panic attack.  Mezini told her that she was getting too old to remember the steps of an audit and should think about a career change.  After plaintiff informed human resources of the meeting, Mezini accused plaintiff of lying about her hours and administered other unwarranted criticism.  Human resources recommended that plaintiff take a 90 day leave of absence.  Upon her return, plaintiff was put on an unreasonable Performance

---

[1]     Plaintiff states in her motion that sometime after the Complaint was filed, defendants' counsel informed plaintiff's counsel that Mezini had moved to Albania.  Plaintiff then attempted to properly serve Mezini there and ultimately did.

2

Improvement Plan.  Although plaintiff requested accommodations based on her disability, defendants disregarded them and ultimately terminated plaintiff in October 2009.  Plaintiff was 47 years old.

The Complaint sets forth five claims against all defendants arising under Ohio law. Count One alleges that plaintiff's termination constitutes age discrimination.  Count Two alleges that plaintiff's termination constitutes handicap discrimination.  Count Three alleges that plaintiff was terminated in retaliation for engaging in protected activity.  Count Four alleges that defendants failed to pay her overtime.  Count Five alleges defendants terminated plaintiff in retaliation for complaining about the failure to pay overtime.

This matter is now before the Court upon plaintiff's Motion to Remand to State Court. Defendants filed a joint brief in opposition.

**Discussion**

28 U.S.C. § 1441(a) provides for removal of actions filed in state court to the district court if the district court has original jurisdiction over the cause of action. In an action based on diversity, the action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  Thus, when removal is based upon diversity jurisdiction, the defendant must show that diversity is complete, i.e., "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999) (citing *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir.1989)). The removing party has the burden of proving that the federal district court has jurisdiction. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th

3

Cir.1994). The burden is a difficult one, and removal statutes "are strictly construed" with any ambiguities  resolved in favor of the non-removing party.  *Id.*

In determining diversity of citizenship, the Court looks to the state of facts that existed at the time of the filing of the Complaint.  A subsequent change in citizenship does not cure a jurisdictional defect that existed at the time of filing.  *W.Z.L. ex rel. Randolph v. Keith,* 2009 WL 1309772 (E.D.Tenn. May 7, 2009) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ).  Thus, the Court determines the citizenship of the parties as of the date the Complaint was filed and any subsequent change in citizenship is not considered for purposes of determining diversity of citizenship.

### (1) necessary party

Defendants do not address whether or not Mezini is a citizen of Ohio and, therefore, the Court assumes diversity is lacking. Defendants argue instead that Mezini is not a necessary party and should be dropped from this suit with diversity of citizenship resulting.

Under Rule 21 of the Federal Rules of Civil Procedure, a court can retain jurisdiction by severing claims against non-diverse dispensable defendants.  *DeGidio v. Centocor, Inc.,* 2009 WL 1867676 (N.D. Ohio July 8, 2009) (citing *Newman-Green, Inc. v. Alfonso-Larrain*, 490 U.S. 826, 832 (1989) ( "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered."); *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763 (6th Cir.1999) ("[I]t is appropriate to drop a non-diverse and dispensable party from litigation in order to achieve diversity."); *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 545 (6th Cir.1994) ("Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain

4

diversity jurisdiction over a case by dropping a non-diverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19.") ).

Initially, the Court looks to whether the non-diverse defendant is an indispensable party by following the two-step process under Fed.R.Civ.P. 19.  First, under Rule 19(a), it is assessed whether the party is necessary for just adjudication. A party is necessary if: "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Id.* (citing *Safeco Ins. Co.*, 36 F.3d at 546; Fed.R.Civ.P. 19(a) ). Second, if the party is determined to be necessary, the Court proceeds to Rule 19(b) to ascertain whether he is indispensable by considering whether: 1) a judgment rendered in the party's absence would prejudice the available party; 2) such prejudice could be lessened or avoided; 3) a judgment rendered in the party's absence would be adequate; and 4) the plaintiff has an adequate remedy if the action is dismissed for non-joinder. *Id.* (citing *Soberay*, 181 F.3d at 764).

Defendants contend that Mezini is not a necessary party.  Relying on the following, defendants state that Mezini had nothing to do with the actions which plaintiff claims were discriminatory, she played no role in the decisions alleged in the Complaint, and she had no impact on plaintiff once plaintiff was transferred to a new manager.

Defendants state, "In the spring of 2009, prior to going on medical leave, Plaintiff requested she be assigned to a different supervisor than Mezini and Accenture heeded this request." (Doc. 7 at 2) Defendants point to paragraph 12 of Mezini's Answer which states, "Defendant admits that at some point in time Plaintiff requested a different supervisor and

5

was assigned a different supervisor."  Paragraph 4 of  Mezini's Answer states that Mezini was

plaintiff's supervisor through the spring of 2009.  Next, defendants state, "After Plaintiff

received a new supervisor, she took a leave of absence."  Defendants point to paragraph 32 of

Mezini's Answer which only admits that plaintiff took a leave of absence.  Defendants state

that when plaintiff returned from her leave of absence, she was placed on a performance

improvement plan by her new manager, and was subsequently terminated for poor

performance.  The Complaint only alleges that upon her return from leave, "management

greeted plaintiff with" the performance improvement plan, and "defendants terminated"

plaintiff.

      However, the Complaint alleges that Mezini was plaintiff's supervisor as late as May

2009.  At that point, plaintiff took a 90 day leave of absence.  Plaintiff would have returned to

work around late August or early September 2009. Plaintiff was terminated on October 5,

2009.  Based upon these allegations in the pleadings and the timing of the events, the Court

cannot assume that Mezini had nothing to do with the decision to terminate plaintiff, or

retaliate against her, merely because Mezini was no longer plaintiff's supervisor at this time.[2]


      Additionally, defendants contend that Mezini is not a necessary party because the

Complaint shows that she was acting at all times as an employee and/or agent of Accenture

and, consequently, Accenture will be held liable for any acts of retaliation and/or

discrimination that may be attributed to Mezini.  But, the Complaint alleges that Mezini is

---

[2]      The unsupported statement by counsel in defendants' brief that Mezini did not
influence the decision to terminate plaintiff cannot be considered.

6

considered an employer under Ohio Revised Code § 4112.01.  Under Ohio law, a supervisor

may be held individually liable for his own discriminatory conduct.  *Genaro v. Central*

*Transp., Inc.*, 84 Ohio St.3d 293 (1999).

Defendants assert that it is well-settled Sixth Circuit law that a plaintiff can obtain

complete relief from an employer for the allegedly unlawful acts of its non-diverse employee.

Defendant points to *Wells v. Certainteed Corporation,* 950 F.Supp. 200 (E.D.Mich. 1997),

but there plaintiff attempted to add a non-diverse defendant after the case was removed to

federal court.  The party in question was the human resource manager alleged to have been

"responsible for making personnel decisions."  It was obvious that plaintiff was seeking to

destroy diversity as plaintiff was aware of this defendant's alleged involvement at the time the

complaint was filed.  Also, defendant acknowledged that it would be liable for any

discriminatory acts of the manager.  More importantly, however, that case involved Michigan

law and not Ohio law which permits the manager to be held directly liable.

Defendants also rely on *Zugovitz v. Davis*, 2008 WL 619357 (March 3, 2008), which

is not helpful in that the motion to dismiss the party was unopposed and the party found to be

dispensable was one of three supervisors involved in the decision to terminate plaintiff while

the remaining two were not named.

For these reasons, defendants do not demonstrate that Mezini is not a necessary party.

**(2) fraudulent joinder**

Plaintiff's reply brief contends that defendants have failed to demonstrate that

fraudulent joinder has occurred. While not expressly stating that Mezini was fraudulently

joined, defendants assert that plaintiff "attempt[ed] to destroy diversity jurisdiction by joining

Mezini to the action."  (Doc. 7 at 1) Assuming defendants are arguing that Mezini was fraudulently joined, the Court disagrees.

The burden is on defendants, as the removing parties, to show fraudulent joinder, and, as with any dispute over removal, all doubts are to be resolved against removal. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. The Sixth Circuit has instructed:

> [T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999). The plaintiff's motive in joining a non-diverse defendant "is immaterial to [the] determination regarding fraudulent joinder." *Jerome-Duncan Ind. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999).

As stated above, under Ohio law Mezini can be held liable for her discriminatory employment action.  Therefore, there was a basis for naming her as a defendant in state court.

For these reasons, remand is proper as complete diversity does not exist.  Plaintiff's request for attorney's fees and costs associated with the removal is denied.

8

**<u>Conclusion</u>**

For the foregoing reasons, plaintiff's Motion to Remand to State Court is granted.

IT IS SO ORDERED.


                     /s/Patricia A. Gaughan
                     PATRICIA A. GAUGHAN
Date:   1/24/11           United States District Judge